UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| ANN M. YEAGER, | ) | CASE NO.  5:11 CV1617 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| THE STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |


Before the Court is *pro se* Plaintiff Ann M. Yeager's above-captioned *in forma pauperis* Complaint alleging breach of the United States Constitution.  Ms. Yeager names all fifty States in the United States "(in their individual Executive Capacities)" as Defendants.  Her Complaint seeks a declaratory judgment that the qualifying criteria laws for Executive Office in each State of the United States are facially unconstitutional.

*Background*

Ms. Yeager offers no legal basis whatsoever for the assertion that the challenged statutes are unconstitutional on their face, or as applied to her.  Moreover, she provides very little explanation regarding the basis for her claims. Instead, she immediately declares that "States have enacted Unconstitutional qualifying criteria for the Executive Office of the United States—and thereby—have Unconstitutionally prohibited ballot access—by said qualifying legislation— removing a citizen's ability to hold—or be eligible—for said Executive Office of the United States."

(Compl. at 5.)  She asserts injury based on the fact that "each Defendant legislation" requires a petition with "x amount of signatures of each Defendant State's electoral citizens," as well as a some filing fee for "ballot access in each Defendant State."[1]  (Compl. at 6.)  She maintains these criteria render each State's "qualifying legislation" unconstitutional because it makes the Executive Office of the United States "an Office of financial means—and not intellectual capacity." *Id*.

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

### *Lack of Standing*

Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies'.... As an incident to the elaboration of this bedrock requirement, [the Supreme] Court has always required that a litigant have 'standing' to challenge the

---

[1]  Ms. Yeager does not disclose the amount of each State's fee.

[2]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). To establish standing under Article III, the following three requirements must be in place: (1) the plaintiff has suffered "an injury in fact," (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992). As the party bringing the claim, Ms. Yeager bears the burden to show her standing to bring it. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004).

In consideration of these principles, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government-claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large-does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. This determination was extended to include *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208 (1974), where the Court ruled that a group of citizens lacked standing to litigate the eligibility, under the Incompatibility Clause, of members of Congress to serve simultaneously in the military reserves.

### *Failure to State a Claim*

Even if Ms. Yeager had standing, she has not alleged a sufficient factual basis to support her Complaint. She has only made conclusory statements that every State law statute regarding the qualifications for President of the United States is unconstitutional. She fails to specify which laws she is contesting or particularize why they violate the Constitution. Further, despite challenges Ms. Yeager raises to State fees, signature requirements, and other procedural requisites

for appearing on the ballot are considered, she does not allege she is otherwise qualified to be added to the ballot.

Legal conclusions alone are not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, this Court is not required to accept unwarranted factual inferences. *Id*.; *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). To set forth a valid claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ––– U.S. ––––, ––––, 129 S. Ct. 1937, 1949(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). Even liberally construed, the Complaint does not set forth a colorable claim for relief.

### *Conclusion*

Based on the foregoing, Ms. Yeager's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **granted**, her Motions for Expedite (Doc. Nos. 5,6,8&9) are **denied**, and the Complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated; 11/10/11            /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE